

Joshua Trigsted
Oregon State Bar ID Number 06531
Trigsted Law Group, P.C.
5200 SW Meadows Rd, Ste 150
Lake Oswego, OR 97035
503-376-6774, ext. # 216
866-927-5826 facsimile
jtrigsted@attorneysforconsumers.com
Attorney for Plaintiff

FILED'10 DEC 23 11:15USDC-ORP

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **DEBRA MAIN,** <br><br> Plaintiff, <br><br> vs. <br><br> **RECEIVABLES PERFORMANCE MANAGEMENT, LLC,** <br><br> Defendant. | Case No.: **CV '10-1559   ST** <br><br> **COMPLAINT;** <br><br> FAIR DEBT COLLECTION PRACTICES ACT (15 USC § 1692a, *et seq.*); <br><br> DEMAND FOR JURY TRIAL |

## I. INTRODUCTION

1.     This is an action for damages brought by an individual consumer for Defendant's violations of the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA").

## II. JURISDICTION

2.     Plaintiff's claim for violations of the FDCPA arises under 15 U.S.C. § 1692k(d), and therefore involves a "federal question" pursuant to 28 USC § 1331.

## III. PARTIES

3. Plaintiff, Debra Main ("Plaintiff"), is a natural person residing in Multnomah County, Oregon.

4. Defendant, Receivables Performance Management, LLC, ("Defendant") is a corporation engaged in the business of collecting debts by use of the mails and telephone. Defendant regularly attempts to collect debts alleged due another.

## IV. FACTUAL ALLEGATIONS

5. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

6. Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

7. All activities of Defendant set out herein were undertaken in connection with the collection of a "debt," as defined by 15 USC § 1692a(5).

8. Within the last year, Defendant took multiple actions in an attempt to collect a debt from Plaintiff. Defendant's conduct violated the FDCPA in multiple ways, including the following.

9. Using false representations and deceptive practices in connection with collection of an alleged debt from Plaintiff, including garnishing Plaintiff while Plaintiff was current on an payment arrangement, in exchange for which Defendant had agreed to withhold enforcement of a judgment (§ 1692e(10)).

10. On or about February 16, 2010, Defendant filed suit against Plaintiff in Oregon Small Claims Court for a debt allegedly originally owed to Les Schwab.

11.   Plaintiff received notice of the suit referenced in § 10, above, and contacted Defendant to discuss a resolution designed to avoid garnishment.

12.   Defendant's representative, Bonnie Baker, spoke to Plaintiff in or around March, 2010, and agreed to withhold further legal actions to enforce the Les Schwab debt so long as Plaintiff continued to make monthly payments of $100.

13.   In violation of the agreement referenced in § 12, Defendant filed for a Writ of Garnishment against Plaintiff's bank account on or about September 17, 2010, despite the fact that Plaintiff had faithfully made all payments required of the agreement referenced in § 12 (§ 1692e(10) & 1692f).

14.   Pursuant to the Writ of Garnishment issued served on or about September 17, 2010, on Plaintiff's bank, Defendant was required to provide Plaintiff with notice of the Writ of Garnishment and a list of possible exemptions pursuant to ORS 18.658. Defendant provided Plaintiff with the other documents in its notice to Plaintiff of the garnishment, but not the list of exemptions. (§ 1692f).

15.   As a result of the aforementioned violations, Plaintiff suffered and continues to suffer injuries to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and severe emotional distress.

16.   Defendant intended to cause, by means of the actions detailed above, injuries to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and severe emotional distress.

17.   Defendant's misrepresentations and deceptive practices were material to

Plaintiff, in the sense that they affected Plaintiff's ability to make intelligent choices about the debt, including but not limited to whether or not to challenge the garnishment.

18. To the extent Defendant's actions, detailed in paragraphs 8-14, were carried out by an employee of Defendant, that employee was acting within the scope of his or her employment.

## COUNT I: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

19. Plaintiff reincorporates by reference all of the preceding paragraphs.

20. The preceding paragraphs state a *prima facie* case for Plaintiff and against Defendant for violations of the FDCPA, §§ 1692f & 1692e(10).

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A. Declaratory judgment that Defendant's conduct violated the FDCPA;

B. Actual damages pursuant to 15 USC 1692k;

C. Statutory damages pursuant to 15 U.S.C. § 1692k;

D. Costs, disbursements and reasonable attorney's fees for all successful claims, and any unsuccessful claims arising out of the same transaction or occurrence as the successful claims, pursuant to 15 U.S.C. § 1692k; and,

E. For such other and further relief as may be just and proper.

## PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY

Dated this 22nd day of December, 2010.

By: /s/ Joshua Trigsted
Joshua Trigsted
Trigsted Law Group, P.C.
5200 SW Meadows Rd, Ste 150
Lake Oswego, OR 97035
503-376-6774, ext. # 216
866-927-5826 facsimile
Attorney for Plaintiff